UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| SHELRONDA KAY BINGHAM, | : | CASE NO. 16-72781 - PMB |
| | : | |
| DEBTOR. | : | |
| | : | |
| GUY G. GEBHARDT, | : | |
| ACTING UNITED STATES TRUSTEE, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| -vs- | : | ADVERSARY PROCEEDING NO. |
| | : | |
| SHELRONDA KAY BINGHAM, | : | |
| | : | |
| DEFENDANT. | : | |

**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE**

COMES NOW Guy G. Gebhardt, Acting United States Trustee for Region 21 (the "United States Trustee"), and files this Complaint under Bankruptcy Code section 727 seeking denial of discharge in this case.

**I.     PRELIMINARY STATEMENTS**

1. This adversary proceeding arises out of and relates to the case of Shelronda Kay Bingham ("Debtor" or "Defendant") under chapter 7 of title 11, Case No. 16-72781-PMB.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157(a), and 157(b)(1), 11 U.S.C. § 727, and Rule 4004 of the Federal Rules of Bankruptcy Procedure.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

4. This Court has jurisdiction over Defendant, who is the debtor in the underlying bankruptcy case pending before this Court.

5. The United States Trustee is an Executive Branch official who has standing to raise, appear, and be heard on any issue in any case or proceeding under title 11. 11 U.S.C. § 307.

6. The United States Trustee files this proceeding pursuant to the authority granted to him in 11 U.S.C. § 727(c)(1) of the United States Code.

7. Venue is proper in this Court under 28 U.S.C. § 1409(a).

## II.    TIMELINESS OF COMPLAINT

8. Federal Rule of Bankruptcy Procedure 4004 requires complaints under section 727 be filed within 60 days after the first date set for the meeting of creditors under section 341(a) unless, on request filed before the time has expired, the Court for cause extends the time for filing the motion to dismiss.

9. Debtor commenced this case by filing a petition for relief under chapter 7 on December 22, 2016 (the "Petition Date").

10. The chapter 7 section 341(a) meeting of creditors was first set on January 24, 2017, and the Rule 4004 deadline was March 27, 2017.

11. On March 27, 2017, the United States Trustee timely filed a motion for extension of the Rule 4004 deadline (Doc. No. 15).

12. On March 29, 2017, the Court entered an order granting the motion for extension and extended the Rule 4004 deadline for the United States Trustee to May 26, 2017 (Doc. No. 16).

13. On May 25, 2017, the United States Trustee timely filed a motion for extension of the Rule 4004 deadline (Doc. No. 22).

14. On May 30, 2017, the Court entered an order granting the motion for extension and extended the Rule 4004 deadline for the United States Trustee to July 24, 2017 (Doc. No. 23).

15. On July 24, 2017, the United States Trustee timely filed a motion for extension of the Rule 4004 deadline (Doc. No. 26).

16. On July 31, 2017, the Court entered an order granting the motion for extension and extended the Rule 4004 deadline for the United States Trustee to September 22, 2017 (Doc. No. 27).

17. On September 21, 2017, the United States Trustee timely filed a motion for extension of the Rule 4004 deadline (Doc. No. 31).

18. On October 16, 2017, the Court entered an order granting the motion for extension and extended the Rule 4004 deadline for the United States Trustee to November 21, 2017 (Doc. No. 32).

19. On November 21, 2017, the United States Trustee timely filed a motion for extension of the Rule 4004 deadline (Doc. No. 35).

20. On December 13, 2017, the Court entered an order granting the motion for extension and extended the Rule 4004 deadline for the United States Trustee to January 2, 2018 (Doc. No. 36).

21. This complaint is timely under Federal Rule of Bankruptcy Procedure 4004(b).

**III.   ALLEGATIONS OF FACT**

22. On December 22, 2016, Debtor commenced this case by filing a petition for relief under chapter 7 of the United States Bankruptcy Code (Doc. No. 1).

23. Along with Debtor's petition, Debtor signed and filed, under penalty of perjury, schedules A/B through J (each a "Schedule" or collectively "Schedules") and a statement of financial affairs (the "Statement of Financial Affairs") (Doc. No. 1).

24. On January 24, 2017, the chapter 7 trustee commenced the section 341(a) meeting of creditors (the "341 Meeting").

25. The chapter 7 trustee concluded the meeting of creditors on February 14, 2017.

26. On November 15, 2017, the United States Trustee examined Debtor pursuant to Fed. R. Bankr. P. 2004 (the "2004 Examination").

**A.   Debtor's Business**

27. Debtor owns and operates Bingham Tax Services.

28. Bingham Tax Services is in the business of preparing tax returns for compensation, including Forms 1040A, 1040, and 1040EZ.

29. Bingham Tax Services is a sole proprietorship.

30. Debtor maintains a bank account with BB&T in the name of Shelronda K. Bingham DBA Bingham Tax Services (the "Business Account").

31. Debtor uses both a check card and written checks to disburse funds from the Business Account.

32. Debtor does not retain check registers, copies of canceled checks, or other documentation of disbursements from the Business Account.

33. Debtor regularly uses the Business Account to pay personal expenses.

**B. Debtor's Schedules and Statement of Financial Affairs**

34. In response to question 4 on the Statement of Financial Affairs, Debtor stated that she earned $133,000.00 in gross income from operation of a business from January 1, 2016 through December 22, 2016.

35. In response to question 4 on the Statement of Financial Affairs, Debtor stated that she earned $136,030.00 in gross income from operation of a business from January 1, 2015 through December 31, 2015.

36. In response to question 5 on the Statement of Financial Affairs, Debtor stated that she received $1,859.00 in Food Stamps and a $1,563.00 tax refund from January 1, 2016 through December 22, 2016.

37. In response to question 5 on the Statement of Financial Affairs, Debtor stated that she received $169.00 in Food Stamps and a $4,585.00 tax refund from January 1, 2015 through December 31, 2015.

38. In response to question 14 on the Statement of Financial Affairs, Debtor stated "No." to the following question:

> Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

39. In response to question 18 on the Statement of Financial Affairs, Debtor stated "No." to the following question:

> Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?

40. At the 2004 Examination, Debtor testified that she liquidated an Individual Retirement Account during 2015 and 2016 with a total value of approximately $40,000.00.

41. According to Debtor's 2015 federal income tax return, Debtor made $31,000.00 in gifts by cash or check during the 2015 calendar year.

42. According to Debtor's 2016 federal income tax return, Debtor made $25,000.00 in gifts by cash or check during the 2016 calendar year.

43. The majority of Debtor's gifts by cash and check in 2015 and 2016 went to Gathering of Champions Church Int'l.

44. Debtor makes contributions to Gathering of Champions Church Int'l. from the Business Account.

45. Debtor scheduled $154,332.36 in credit card and other revolving debt.

46. Debtor scheduled assets with a total value of $29,925.00, consisting of $15,000.00 in timeshares, $6,925.00 in vehicles, $4,300.00 in personal and household items, and $3,700.00 in financial assets.

## COUNT I - REQUEST FOR DENIAL OF DISCHARGE
## UNDER 11 U.S.C. § 727(a)(3)

47. The United States Trustee hereby incorporates by reference each and every allegation contained in paragraphs 1 through 46, inclusive.

48. Section 727(a)(3) provides the Court shall grant Debtor a discharge, unless

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

49. "Debtors have an affirmative duty to provide documents that memorialize their financial history for a reasonable period past to present, and neither the trustee nor the creditors is required to ferret out the required records." *In re Isles*, 297 B.R. 910, 915 (Bankr. S.D. Fla. 2003).

50. "It is the debtor's duty to maintain and provide the court with organized records of [his] financial dealings." *Id.* (citing *Union Planters Bank v. Connors*, 283 F.3d 896, 899 (7th Cir. 2002)). "[N]either the court nor a creditor is required to reconstruct a debtor's financial situation by sifting through a morass of checks and bank statements." *Union Planters Bank v. Connors*, 283 F.3d 896, 899 (7th Cir. 2002).

51. In this case, Debtor failed to keep or maintain any meaningful records of her business transactions.

52. Debtor's failure to keep or maintain records of her business transactions makes it impossible for the Acting United States Trustee and other parties to ascertain the true amount of Debtor's income.

53. Debtor has not provided any reasonable justification for her failure to maintain records of her business transactions.

54. Accordingly, the United States Trustee requests the Court deny Debtor's discharge pursuant to Bankruptcy Code section 727(a)(3) because Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

### COUNT II - REQUEST FOR DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(4)(A)

55. The United States Trustee hereby incorporates by reference each and every allegation contained in paragraphs 1 through 46, inclusive.

56. Section 727(a)(4)(A) provides the Court shall grant Debtor a discharge, unless "the debtor knowingly and fraudulently, in or in connection with the case— . . . made a false oath or account."

57. For a movant to prevail on denial of a discharge under section 727(a)(4)(A), "the false oath must be both (1) fraudulent and (2) material." *In re Dulock*, 250 B.R. 147, 152 (Bankr. N.D. Ga. 2000) (citing *Swicegood v. Ginn*, 924 F.2d 230, 232 (11th Cir. 1991)).

58. "Because a debtor signs the petition and schedules under penalty of perjury, a false statement or omission of information from the debtor's petition is a false oath within the meaning of 11 U.S.C. § 727(a)(4)(A)." *In re Woodward*, 2005 WL 6486397, at *2 (Bankr. N.D. Ga. Nov. 17, 2005) (citing *In re Chalik*, 748 F.2d 616 (11th Cir. 1984)).

59. Testimony at an examination pursuant to Rule 2004 are statements made under oath for purposes of section 727(a)(4)(A). *See In re Granrath*, 560 B.R. 515 (Bankr. N.D. Ill. 2016).

60. "Deliberate omissions from the schedules may constitute false oaths and result in the denial of a discharge. . . . [S]ince defendants will rarely admit their fraudulent intent, actual intent may be inferred from circumstantial evidence.  A series or pattern of errors or omissions may have a cumulative effect giving rise to an inference of an intent to deceive.  However, the discharge may not be denied when the untruth was the result of a mistake or inadvertence." *In re Dulock*, 250 B.R. at 152 (internal citations omitted).

61. A false oath is material "if it bears a relationship to the debtor's business transactions or estate, or concerns of the discovery of assets, business dealings, or the existence or disposition of property." *Id.* at 153 (citing *In re Chalik*, 748 F.2d 616, 618 (11th Cir. 1984)).

62. In her December 22, 2016 Statement of Financial Affairs, Debtor failed to disclose her receipt of approximately $40,000.00 in distributions from her retirement account.

63. In her December 22, 2016 Statement of Financial Affairs, Debtor failed to disclose substantial cash gifts to charity in the preceding two years.

64. The statements in Debtor's schedules relate to Debtor's business transactions and estate, and concern the discovery of assets, business dealings, or the existence or disposition of property.

65. Accordingly, the United States Trustee requests the Court deny Debtor's discharge pursuant to Bankruptcy Code section 727(a)(4)(A) because Debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.

## COUNT III - REQUEST FOR DENIAL OF DISCHARGE
## UNDER 11 U.S.C. § 727(a)(5)

66. The United States Trustee hereby incorporates by reference each and every allegation contained in paragraphs 1 through 36, inclusive.

67. Section 727(a)(5) provides the court shall grant the debtor a discharge unless "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

68. "The purpose of Section 727(a)(5) is to prevent the abuse of the bankruptcy process by the debtor 'obfuscating the true nature of [the debtor's] affairs, and then refusing to provide a credible explanation.'" *Doubet, LLC v. Palermo (In re Palermo)*, 370 B.R. 599, 613 (Bankr. S.D.N.Y. 2007 (quoting *In re Johnson,* 98 B.R. 359, 366 (Bankr. N.D. Ill. 1988)). "Plaintiff[] bear[s] the initial burden of showing an unexplained loss or deficiency of the Debtor's assets, and then the burden shifts to the Debtor to explain the loss of assets or deficiency." *Forrest v. Bressler (In re Bressler)*, 2008 Bankr. LEXIS 754 at 37 (Bankr. S.D.N.Y.

Mar. 10, 2008) (internal citations omitted). But "'vague and indefinite explanations of losses that are based upon estimates, uncorroborated by documentation, are unsatisfactory.'" *Id.* (quoting *In re Handel*, 266 B.R. 585, 590 (Bankr. S.D.N.Y. 2001)).

69. In this case, Debtor offers no explanation as to how she spent the majority of the $154,332.36 in credit card charges, other than on household goods and living expenses.

70. Debtor has failed to provide any documentation showing specifically how she spent the $154,332.36.

71. Debtor's vague description does not meet Debtor's obligation under section 727(a)(5) to adequately explain any losses or deficiencies in her assets.

72. Accordingly, the United States Trustee requests the Court deny discharge to the Debtor pursuant to Bankruptcy Code section 727(a)(5) because the Debtor "failed to explain satisfactorily, before determination of denial of discharge . . . any loss of assets or deficiency of assets to meet the debtor's liabilities."

WHEREFORE, Plaintiff prays for the following relief:

A. for an order and judgment denying the Debtor discharge from her debts pursuant to 11 U.S.C. § 727(a)(3);

B. for an order and judgment denying the Debtor discharge from her debts pursuant to 11 U.S.C. § 727(a)(4)(A);

C. for an order and judgment denying the Debtor discharge from her debts pursuant to 11 U.S.C. § 727(a)(5);

    D.  for such other and further relief as the Court deems just and proper.

        GUY G. GEBHARDT
        ACTING UNITED STATES TRUSTEE
        REGION 21

        */s/*
        Lindsay P. S. Kolba
        Georgia Bar No. 541621
        United States Department of Justice
        *Office of the United States Trustee*
        362 Richard B. Russell Building
        75 Ted Turner Drive, SW
        Atlanta, Georgia  30303
        404-331-4437, ext. 152
        lindsay.p.kolba@ust.doj.gov